

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00053-CV
_____

JUSTIN YEAGER, Appellant

V.

THE STATE OF TEXAS FOR
THE PROTECTION OF TIFFANY YEAGER, Appellee

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 23C1326-CCL

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

By a single point of error, Justin Yeager argues that the trial court abused its discretion by granting a protective order entered in favor of Tiffany Yeager. Because the trial court's finding that family violence occurred is unchallenged on appeal, we find no abuse of discretion in the trial court's decision to issue the protective order. Accordingly, we affirm the trial court's order.

## I.      Factual and Procedural Background

Justin and Tiffany were married and have two children together. The appellate record establishes that the trial court had issued prior protective orders against Justin, including one signed on November 3, 2021 (the 2021 protective order), after finding (1) that he had a history of committing family violence and (2) that family violence was likely to occur in the future.[1] The 2021 protective order, which was valid for two years, prohibited Justin from communicating with or coming within 100 yards of Tiffany or her children. Justin was also ordered to remain at least 100 yards from Tiffany's home, her place of employment, or her children's schools. Alleging that Justin had violated the 2021 protective order, Tiffany filed another application for a protective order on December 1, 2023.

During the course of two hearings on Tiffany's application, Tiffany testified that, while the 2021 protective order was still in place, Justin "texted [her] and asked if he could sleep with [her] thirteen-year-old daughter." A screenshot of the text message was introduced into evidence. Tiffany also said that, in the past, Justin had violated prior protective orders by

---

[1]Tiffany testified that Justin "went to jail originally" for choking her in front of her children. She also testified that Justin was addicted to methamphetamine, that his condition was "snowballing," and that he "lost his mind and he hear[d] voices, and he [did] what the voices [told] him to do."

coming to her house twice, showing up at their son's football game and grabbing her phone and keys, and taking their five-year-old child out of school without her permission.[2] Justin was arrested for violating the 2021 protective order and, even after his arrest, called Tiffany from jail to ask her if she had reported him. After hearing that testimony, the trial court issued another protective order containing the same provisions and terms as the 2021 protective order, including that "[f]amily violence ha[d] occurred" and was "likely to occur in the future."

## II.    Standard of Review and Analysis

We review a trial court's grant of a protective order for abuse of discretion. *Brownlee v. Daniel*, No. 06-11-00136-CV, 2012 WL 3022660, at *7 (Tex. App.—Texarkana July 25, 2012, no pet.) (mem. op.) (citing *In re Epperson*, 213 S.W.3d 541, 543 (Tex. App.—Texarkana 2007, no pet.)). "A trial court abuses its discretion if it acts without reference to any guiding rules and principles or reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* (quoting *In re Epperson*, 213 S.W.3d at 543) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

In support of his argument, Justin points to Section 85.002 of the Texas Family Code, which allows the trial court to enter a protective order without finding that family violence occurred if it finds that "a respondent violated a protective order by committing an act prohibited by the order . . . , that the order was in effect at the time of the violation, and that the order has expired after the date that the violation occurred." TEX. FAM. CODE ANN. § 85.002 (Supp.). In conclusory fashion, Justin argues that Tiffany's testimony about the text-message violation of the

---

[2]In the 2021 protective order, the trial court had made a finding that Justin had violated a prior protective order.

2021 protective order was "uncertain" and "insufficient." Yet, Tiffany's testimony at trial, which established that she was contacted by Justin in violation of the terms of the 2021 protective order, was uncontested. Because "[t]he trial court is the sole judge of witness credibility in this arena, and protective order cases can be and often are resolved on the basis of credibility determinations," we cannot say that the trial court abused its discretion by believing Tiffany's testimony. *Amrouni v. Bhakhrani*, No. 05-21-00278-CV, 2022 WL 3754539, at *3 (Tex. App.—Dallas Aug. 30, 2022, no pet.) (mem. op.); *see Boyd v. Palmore*, 425 S.W.3d 425, 431 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Moreover, a trial court "shall render a protective order" if it finds that family violence has occurred, and the trial court did so here. TEX. FAM. CODE ANN. §§ 81.001, 85.001(b)(1) (Supp.). After a thorough review of Justin's briefing, we conclude that he raised no challenge to the trial court's finding that family violence had occurred. We also note that Tiffany's testimony that Justin had choked her in front of her children supported the trial court's family violence finding because, "[o]ftentimes, past is prologue," and "past violent conduct can be competent evidence . . . sufficient to sustain the award of a protective order."[3] *In re Epperson*, 213 S.W.3d 541, 544 (Tex. App.—Texarkana 2007, no pet.). Accordingly, we overrule Justin's sole point of error.

---

[3]Because it is an "act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, [or] assault," Justin's choking of Tiffany was an act of family violence. TEX. FAM. CODE ANN. § 71.004(1).

4

### III. Conclusion

We affirm the trial court's protective order.

Scott E. Stevens
Chief Justice

Date Submitted:     December 2, 2024
Date Decided:      December 3, 2024